Daniels, J.
The respondent, Tucker, had been sued in an action brought before D. D. Woodford, a justice of the peace, by the applicant to recover a sum of money. The summons in the action was personally served, but the respondent, Tucker, who was defendant in the suit, failed to appear, and the *793 plaintiffs presented their complaint to the justice, alleging the purchase by him of 10 barrels of flour for the price of $51.75, and that this purchase had been made and induced by means of false and fraudulent representations made by Tucker to these relators, the plaintiffs in this action. The trial took place, which was followed by a judgment in favor of the, plaintiffs, upon which an execution was issued against the property of Tucker, and, if sufficient personal property could not be found, then against his body. He was arrested under this execution, and a writ of habeas corpus was issued by the special county judge upon a petition alleging this arrest to have been illegally .made. The special county judge had the authority to issue the writ and review the legality of this arrest. 1 Eev. St. (6th Ed.) p. 392, § 27. But the objection to the application has been taken that the decision discharging the ■ defendant in the action could only be reviewed by an appeal from the order. And that objection appears, under the provisions of the Code of Civil Procedure relating to the case, to be well founded; for by title 5, c. 12, Code, an appeal has been provided for from orders made in special proceedings, and this was a special proceeding. This appeal has not been confined to orders made by a court in the course of the proceedings, but by section 1357 it has been .authorized “from an order affecting a substantial right made by a court of record possessing original jurisdiction, or a judge thereof, * * * or before a judge thereof, pursuant to a special statutory provision.” This language includes the order now in controversy; for it was made by a judge in this manner referred to. And that it was intended so to be understood and applied appears, further, by section 2121, declaring that a writ of certiorari cannot be issued to review a determination made after the article containing this section takes effect in a special proceeding by a court of record, or a judge of a court of record; and the county court is a court of record. It has been further declared by the section immediately preceding this one that the writ ■can only be issued where the right to it is expressly conferred or authorized by statute, or where it maybe issued at common law by a court of general jurisdiction, and the right to it is not expressly taken away by statute. And by section 2122 of the same Code it has been declared that the writ cannot issue to review a determination which can be adequately reviewed by an appeal to .a court. And by section 2058 of this Code it lias also been declared that an appeal may be taken from a final order made upon the return of the writ of habeas corpus to discharge or remand a prisoner, or to dismiss the proceeding. This language is so broad as to include this particular case, for a final order was made by the special county judge to discharge the defendant in the action as a prisoner from imprisonment. The language is broad and comprehensive, and entirely in harmony with the other provisions contained in the Code which have just been referred to; and it would be a very strange anomaly, to be found even in this Code, if the legislature had provided for an appeal from .any final order made upon a final decision under a writ of habeas corpus, and had prescribed a different remedy for other orders of the same general description. The intent, on the other hand, is to be presumed, in view of the very general provisions, to include all orders made the subject of appeal in this ■ class of proceedings. The provisions seem to be clear and decisive against the success of this application, and the motion will be denied, but without .costs.